**UNITED STATES of America, Plaintiff and Counter–Defendant,**

**and**

**The Wayne County Department of Health, Air Pollution Control Division, Plaintiff,**

v.

**State of MICHIGAN, Defendant, Counter–Plaintiff and Cross–Plaintiff,**

v.

**City of Detroit, a municipal corporation, and Detroit Water and Sewerage Department, Defendants and Cross–Defendants,**

v.

**All Communities and Agencies Under Contract With the City of Detroit for Sewage Treatment Services, Intervening Rate Challengers,**

v.

**City of Auburn Hills, City of Ecorse, Lyon Township, City of Pontiac, City of Rochester Hills, City of River Rouge, Salem Township, Southfield Township, Superior Township, City of Walled Lake, City of Wixom, Ypsilanti Township, Oakland Township, Redford Township, Van Buren Township,**

Orchard Lake Village, City of Sterling Heights, City of Birmingham, City of Westland, City of Allen Park, City of Center Line, City of Fraser, Shelby Township, City of Grosse Pointe Park, City of Dearborn, City of Troy, Novi Township, Macomb Township, Clinton Township, Garden City, City of Livonia, Canton Township, City of Northville, City of Farmington Hills, City of Dearborn Heights, Lathrup Village, West Bloomfield Township, Waterford Township, City of Sylvan Lake, City of Bloomfield Hills, City of Ferndale, City of Novi, Village of Oxford, City of Royal Oak, City of Hazel Park, Pontiac Township, Independence Township, Orion Township, Oakland Comm. DPW, City of Utica, Royal Oak Township, City of Clawson, City of Huntington Woods, City of Plymouth, Harrison Township, County of Macomb, City of Wayne, Canton Township, Village of Clarkston, Township of Northville, Avon Township, Township of Plymouth, City of Grosse Pointe Farms, Washington Township, Chesterfield Township, Bruce Township, Village of Franklin, City of Farmington, Township of Oxford, City of Pleasant Ridge, Village of Romeo, Bloomfield Township, City of Keego Harbor, City of Grosse Pointe Woods, Defendants.

United States of America and Frank J. Kelley, Attorney General for the State of Michigan, Ex rel Michigan Natural Resources Commission, and Director of the Michigan Department of Natural Resources, Plaintiffs,

v.

Wayne County, Michigan; City of Allen Park; City of Belleville; Township of Brownstown; City of Dearborn Heights; City of Ecorse; City of Lincoln Park; City of River Rouge; City of Southgate; City of Taylor; Township of Van Buren; City of Wyandotte; City of Riverview; Southgate–Wyandotte Relief Drainage District; and Ecorse Creek Pollution Abatement Drain, Defendants.

Nos. Civ.A. 77–71100, 87–70992.

United States District Court,
E.D. Michigan, Southern Division.

May 5, 2003.

Thomas A. Mariani, Jr., Barbara A. Rogers, Jon M. Lipshultz, Dept. of Justice, Environment & Natural Resources Div., Washington, DC, L. Michael Wicks, U.S. Attorney's Office, Detroit, MI, for U.S.

Beth S. Gotthelf, Seyburn, Kahn, Southfield, MI, Dennis J. Donohue, Warner, Norcorss, Grand Rapids, MI, for Detroit chamber of Commerce.

Richard J. McClear, Mark D. Jacobs, Dykema Gossett, Detroit, MI, Darryl F. Alexander, Robert C. Walter, Detroit City Corp. Counsel, Detroit, MI, for City of Detroit.

Mark D. Jacobs, Dykema Gossett, Detroit, MI, Todd B. Adams, Mich. Dept. of Atty. Gen., Environmental Protection Div., Lansing, MI, John F. Leone, Mich. Dept. of Atty. General, Natural Resources Div., Lansing, MI, Pamela J. Stevenson, Mich. Dept. of Atty. Gen., Natural Resources and Environment Quality, Lansing, MI, for Detroit Water and Sewerage Dept.

William W. Misterovich, Mount Clemens, MI, R. Craig Hupp, James A. Smith, Bodman, Longley, Detroit, MI, for County of Macomb.

James R. Kohl, Novi, MI, James E. Tamm, O'Connor, DeGerazia, Bloomfield Hills, MI, C. Gerald Hemming, Hemming, Polaczyk, Inkster, MI, for Northville Township.

C. Gerald Hemming, Hemming, Polaczyk, Inkster, MI, for Township of Canton.

Timothy L. Cronin, Hemming, Polaczyk, Plymouth, MI, for Plymouth Township.

David W. Potts, Birmingham, MI, for Oakland County.

William K. Fahey, Foster, Swift, Lansing, MI, for Western Township Utilities Authority.

Sarah K. Osburn, Plunkett & Cooney, Detroit, MI, Charles E. Lowe, Lowe, Lewandowski, Plymouth, MI, for City of Plymouth.

David S. Steingold, David S. Steingold Assoc., Detroit, MI, for City of Ecorse.

John M. Donohue, Johnson, Rosati, Farmington Hills, Mi, for Township of Salem.

John J. Fildew, Charles S. Kennedy, III, Fildew Hinks, Detroit, MI, for City of Grosse Pointe.

G. Christopher Bernard, Detroit, MI, R. Craig Hupp, Kurt M. Brauer, Bodman, Longley, Detroit, MI, for County of Wayne.

Steven D. Liddle, Macuga & Liddle, Detroit, MI, for Food and Allied Industries Committee of Metropolitan Detroit.

Peter W. Macuga, II, Steven Liddle, Macuga & Liddle, Detroit, MI, for Production Plating, Inc.

Steven D. Liddle, Macuga & Liddle, Detroit, MI, for Detroit Area Laundry Pollution Control Group.

Laura B. Harris, Salamey Assoc., Dearborn, MI, Patrick B. McCauley, Sommers, Schwartz, Southfield, MI, Kurt L. Heise, Dearborn Heights, MI, for City of Dearborn Heights.

Stuart Trager, Salamey Assoc., Dearborn, MI, Barry A. Seifman, Barry A. Seifman Assoc., Farmington Hills, MI, for City of Romulus.

Annette M. Lang., U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for U.S. Army Corps of Engineers.

## ORDER DEFINING THE ROLE OF THE SOUTHEAST MICHIGAN CONSORTIUM FOR WATER QUALITY

FEIKENS, District Judge.

### Background

I. Since 1977 I have had oversight responsibility as to water quality and pollution problems in the greater Detroit metropolitan area. That area consists principally of three major counties: Wayne, Oakland and Macomb. The City of Detroit, through its agency, the Detroit Water and Sewerage Department (DWSD), furnishes water and removes wastewater from residences and industries in this area, and the communities being served have over four-and-one-half million people.

In 1977 and in 1987, two major cases were brought by the United States Envi-

ronmental Protection Agency (EPA) against both the Detroit Water and Sewerage Department and the communities it serves, along with Wayne County and the communities it serves through the Wyandotte Wastewater Treatment Plant. These cases were resolved in complex consent judgments which have, over time, been amended. To explain the complex web of relationships created by these consent judgments, further reference to these cases and the consent judgments is necessary.

DWSD is one of the largest governmental utilities providing water and wastewater service in the United States. In this region there is also another large wastewater treatment plant, and it serves the Downriver communities. It is known as the Wyandotte Wastewater Treatment Plant, and from that case there resulted a second complex consent judgment governing the relationships between Wayne County, the Wyandotte Treatment Plant, and the Downriver communities in the removal and treatment of wastewater. These consent judgments also directly affect the issue of subject matter jurisdiction.

It is these two consent judgments and their amendments that result from the above-captioned cases brought by EPA in 1977, *United States, et al. v. City of Detroit, et al.*, no. 77–71100, and *United States, et al. v. Wayne County, et al.*, no. 87–70992.

Another complex case concerns the Rouge River Watershed. There are several innovations that have been utilized by the communities involved in that case. For example, the Rouge River National Wet Weather Demonstration Project and the General Stormwater Permit developed by the State of Michigan are two successful, innovative solutions adopted by 48 Rouge River Watershed communities on a voluntary basis.

In each of these cases there is a full range of complex problems adversely impacting or having the potential to adversely impact the water quality in Southeast Michigan. These problems include examples "common to all," such as limited treatment plant capacity, as well as more geographically specific issues such as pollution occurring from failing septic systems. A short listing of additional representative problem areas includes the following: pollution from stormwater run-off, illicit connectors that place sanitary sewage into storm water systems, sanitary sewer overflows, capacity limitations on portions of collection systems, sewage backups into homes during wet weather events, water quality monitoring, and the pressing need to plan and manage the collection and treatment of sanitary and stormwater on a watershed basis. The solution to all of these presently-known problems will undoubtedly require the expenditure of significant funds for both capital and operating needs.

II. By Order, on January 1, 2002, Hon. Kwame M. Kilpatrick, Mayor of the City of Detroit, was appointed Special Administrator of the Detroit Water and Sewerage Department, and that Order outlined in detail his responsibilities and duties as Special Administrator.

Because, under the City Charter and in accordance with the By–Laws of the City of Detroit, the Mayor, in his capacity as mayor, has overall supervision of both the Water and Sewerage Departments of the Detroit Water and Sewerage System, and, noting that his duties and responsibilities are over a unitary agency;

And further noting that there are overlapping relationships in the Detroit Water and Sewerage Department between the provision of high-quality water to the region and elimination of wastewater from the region, I asserted jurisdiction over

both the Water and Sewerage Department under the Federal Supplemental Jurisdiction Statute, 28 U.S.C. § 1367.

III. On January 8, 2001, I invited 40 civic and governmental leaders of Southeast Michigan to become a part of a consortium to address water quality problems on a regional basis in Southeast Michigan. That Consortium has been active in addressing significant problems of water quality in the region.

The Honorable Jennifer M. Granholm, Governor of the State of Michigan, having recognized and having become acquainted with the purposes of the Consortium, has requested that it be formed "to help build a regional consensus on efficient operation and management of the [Detroit Water and Sewerage] system." She requests that "any specific complaints or concerns unresolved by the City of Detroit's Water Department should be brought immediately to the consortium for resolution."

I note, too, that by reason of a Consent Judgment, I have oversight of the Wyandotte Wastewater Treatment Plant in its relation to the Downriver communities, and that I interpret the Governor's request to include that problems of wastewater removal and pollution also be brought to the Consortium.

### Order

IV. Accordingly, IT IS HEREBY ORDERED, in my oversight capacity under the various Orders and Consent Judgments heretofore entered, that the Southeast Michigan Consortium for Water Quality become an integral means in assisting the Court in the solution of regional water quality problems.

IT IS SO ORDERED.